REQUESTED BY: Dear Senator:
In your letter of January 19, 1978, you requested our opinion on LB 728, a bill which generally provides that no corporations shall engage in farming operations in this state except as specifically provided by law. We are assuming that you are requesting our opinion as to the constitutionality of this proposed legislation, as you mention that this bill is similar to ones previously reviewed by this office.
LB 728 would prohibit any corporation to engage in farming or ranching in this state, or to acquire any interest in Nebraska real estate used for farming or ranching except as specifically provided in the bill. The only corporations allowed to engage in farming or to own farm property under this legislation are denominated as `family farm or ranch corporations,' which are limited to corporations where the majority of the voting stock is held by members of a family related one to another within the third degree of kindred, and where at least one of the stockholders is a person residing on, or actively engaged in the day-to-day management of a farm or ranch. The bill provides other exceptions allowing for corporate farming or corporate ownership of farm property which are not pertinent to this particular discussion.
Our office has previously discussed this type of legislation in light of certain Nebraska constitutional provisions. We issued an opinion on January 23, 1975, which dealt with legislation nearly identical to LB 728. See Report of the Attorney General, 1975-1976, No. 5 at p. 5, a copy of which is attached hereto. We must adhere to the constitutional concerns which we expressed in our previous opinion. We believe LB 728 grants special privileges to select corporations, and, consequently, would be found to contravene certain provisions of the Nebraska Constitution.
At Article XII, section 1, our Constitution provides, in pertinent part:
 "The Legislature shall provide by general law for the organization, regulation, supervision, and general control of all corporations, . . . No corporation shall be created by special law, . . ."
The Nebraska Constitution further provides, at Article III, section 18, that the Legislature should not pass local or special laws which grant `. . . to any corporation, association, or individual any special or exclusive privileges.'
The legislation under consideration, LB 728, expressly distinguishes between farm corporations which are controlled by members of a family, or related individuals, and farm corporations which are controlled by unrelated stockholders. Taking this single example of the classifications made by this bill, we are unable to discern any legitimate legislative purpose in granting a special privilege to family members which cannot be enjoyed by unrelated individuals.
We certainly appreciate that agriculture is a vital Nebraska industry, and we are not oblivious to the underlying concerns implicit in this legislation. Nevertheless, we cannot ignore the clear constitutional provisions which prohibit the Legislature from granting a special privilege to one group at the expense of another group which is similarly situated.
For the reasons stated above, we believe that the Nebraska Supreme Court would find the classifications involved in this legislation unreasonable.